IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-10443
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DEREK GLEN ADKINS,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:95-CV-2104-D
- - - - - - - - - -
February 21, 1997

Before SMITH, EMILIO M. GARZA, and PARKER, Circuit Judges.

PER CURIAM:[*]

Derek Glen Adkins, #24400-077, filed a motion to vacate, set aside, or correct a sentence by a person in federal custody under 28 U.S.C. § 2255 asserting that the district court erred in accepting his guilty plea prior to determining his exact sentence, that his counsel was ineffective for giving him incorrect information with respect to the length of his sentence, and that the Government had breached the plea agreement.    Under

_____

[*]    Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

the law of the case doctrine, neither the district court on remand nor the appellate court on a subsequent appeal may reexamine the issues decided previously on appeal. Chevron U.S.A., Inc. v. Traillour Oil Co., 987 F.2d 1138, 1150 (5th Cir. 1993); United States v. Singleton, 49 F.3d 129, 134 (5th Cir.), cert. denied, 116 S. Ct. 324 (1995). Issues decided on the previous appeal, either expressly or by necessary implication, are binding on remand and on any subsequent appeal. Id.

In the direct appeal of this conviction, this court held that the district court did not err in accepting the guilty plea because Adkins's guilty plea was knowing and voluntary. United States v. Adkins, No. 94-10120 (5th Cir. Dec. 28, 1994) (unpublished).

The Government did not breach the agreement not to seek enhancement for prior drug offenses. Application of the career offender provisions of the guidelines is not the same as seeking an increase in the statutory range of punishment that an enhancement entails. Id.

The claim that his counsel was ineffective for inducing Adkins to plead guilty with a prediction of his sentence is without merit because Adkins has shown no prejudice. See Hill v. Lockhart, 474 U.S. 52, 57-59 (1985).

AFFIRMED.